UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>                  Plaintiff,<br><br>        v.<br><br>SPURLEN, et al.,<br><br>                  Defendants. | No.  1:25-cv-00947 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY:<br><br>(1) THIS MATTER SHOULD NOT BE SUMMARILY DISMISSED FOR FAILURE TO EXHAUST, AND<br><br>(2) HIS IN FORMA PAUPERIS REQUEST SHOULD NOT BE DENIED AS MOOT<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, HIS VOLUNTARY DISMISSAL OF THIS CASE DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. See ECF Nos. 1, 2, 6. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be summarily dismissed due to his apparent failure to exhaust administrative remedies prior to filing suit in this court. Plaintiff will have fourteen days to file the showing of cause. As an alternative to filing the showing of cause, Plaintiff may voluntarily dismiss this case.

## I. EXHAUSTION: APPLICABLE LAW

### A. The Prison Litigation Reform Act

Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983. 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). As a result, it is usually a defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

At the same time, however, "a complaint may be subject to dismissal for failure to state a claim when an affirmative defense (such as failure to exhaust) appears on the face of the pleading." Jones, 549 U.S. at 215. Exhaustion is not a jurisdictional requirement for bringing an action. See Woodford, 548 U.S. at 101.

Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate ... must exhaust available remedies, but need not exhaust

unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original).  In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable:  (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643-44.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 639.  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 639.

### B. California Regulations Governing Exhaustion of Administrative Remedies

"The California prison system's requirements 'define the boundaries of proper exhaustion.' " Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S. at 218).  In order to exhaust, the prisoner is required to complete the administrative review process in accordance with all applicable procedural rules.  Woodford, 548 U.S. at 90.  The appeal process is initiated by an inmate filing a "Form 602" the "Inmate/Parolee Appeal Form," and describing the specific issue under appeal and the relief requested.  "The California prison grievance system has two levels of review. See Cal. Code Regs. tit. 15, §§ 3999.226(a)(1); 3481(a); 3483; 3485 (health care and standard grievances, respectively).  An inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011)) (repealed); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

## II.  DISCUSSION

### A. Failure to Exhaust Warrants Summary Dismissal of Case

As stated above, federal law requires that prisoner litigants exhaust all administrative remedies prior to filing their complaints in federal court. See 42 U.S.C. § 1997e(a); Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative

remedies . . . before that complaint is tendered to the district court."). There are few exceptions to this rule. See Ross, 578 U.S. at 643-44 (exceptions to exhaustion requirement).

The filing of a grievance serves to give a prison notice of the problem that a prisoner would like to have resolved. See generally Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010); Parthemore v. Col, 221 Cal. App. 4th 1372, 1380 (2013). Additionally, the purpose of the exhaustion requirement is to give corrections officials both the time and the opportunity to address complaints internally before a federal case is started. Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Nussle).

Here, Plaintiff has alleged in his complaint three claims: Claim 1- "Due Process Rights"; Claim 2- "Cruel and Unusual Punishment"; Claim 3- "Due Process Rights". In the first two claims when checking the corresponding box in the area of the complaint form which asks Plaintiff if he appealed his request for relief to the highest level, he checked the "NO" box. As to claim 3, in response to the same corresponding question, Plaintiff checked both the "Yes" and NO" boxes. See ECF No. 1 at 6, 17, 18. Then, in the space provided in all three claims where the complaint form asks, "If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not", Plaintiff leaves this space blank and provides no reason why he did not appeal his grievance to the highest level. See id.

For these reasons, the Court makes a tentative finding that Plaintiff has failed to exhaust his administrative remedies and that as a result, this matter should be summarily dismissed. However, prior to recommending the dismissal of this action, Plaintiff will be ordered to show cause why it should not be. In the showing of cause, Plaintiff should inform the Court if in fact he exhausted his administrative remedies, or why he believes he should be excused from the exhaustion requirement.

As an alternative to filing the showing of cause, Plaintiff may voluntarily dismiss this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Then, after exhausting his administrative remedies at KVSP with respect to each of the three claims in a timely manner, he may file his exhausted complaint in this Court in a new case. Plaintiff will be given fourteen days to respond.

B.  <u>Dismissal of Case Warrants Denial of In Forma Pauperis Application as Moot</u>

On its face, this matter should be summarily dismissed for failure to exhaust. If the dismissal of this case on exhaustion grounds is warranted, Plaintiff's application to proceed in forma pauperis will be moot, and it should be denied as such. Thus, it follows that by giving Plaintiff the opportunity to show cause why this matter should not be dismissed for failure to exhaust administrative remedies, he is also being given the opportunity to show cause why his application to proceed should not be denied as moot. Therefore, Plaintiff will be ordered to address both issues in the showing of cause should he choose to file one.

Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this order, Plaintiff shall SHOW CAUSE why:

1.  This matter should not be SUMMARILY DISMISSED for failure to exhaust administrative remedies prior to filing this matter in this Court, and

2.  Consistent with the summary dismissal of this matter, Plaintiff's application to proceed in forma pauperis should not be DENIED as MOOT.

**Plaintiff is cautioned that failure to timely respond to this order within the time allotted may result in a recommendation that this matter be dismissed.**

**Plaintiff is further cautioned that absent exigent circumstances, no requests for extensions of time to respond to this order will be granted.**

IT IS SO ORDERED.

Dated:   **August 6, 2025**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

5